UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicole McCullum,<br><br>　　Plaintiff,<br><br>v.<br><br>Barclays Bank Delaware,<br><br>　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE ELECTRONIC FUNDS TRANSFER ACT AND CONVERSION**<br><br>**JURY TRIAL DEMANDED** |

## **PARTIES**

1. Plaintiff, Nicole McCullum ("Nicole"), is a natural person who resided in Lansing, Illinois, at all times relevant to this action, and is a "consumer" as defined by 15 U.S.C. § 1693a(6).

2. Defendant, Barclays Bank Delaware ("Barclays"), is a Delaware corporation that maintained its principal place of business in Wilmington, Delaware, at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Nicole's state law claims because they share a common nucleus of operative fact with Nicole's claims under the EFTA.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. Nicole is a customer of Barclays and her Barclays' credit card account is in good standing.

7. On June 21, 2022, without authorization, Barclays accessed Nicole's checking account held at a different bank and withdrew $170.00 from Nicole's checking account.

8. Nicole did not have automatic payments set up on the credit card account.

9. Nicole did not authorize the $170.00 withdrawal as an online payment.

10. Nicole never scheduled a $170.00 payment either online, by phone, or in person.

11. Nicole never provided Barclays with any authorization to debit Nicole's banking account for this debit.

12. Furthermore, Barclays did not provide to Nicole, nor did Nicole execute any written or electronic writing memorializing or authorizing the withdrawal.

13. Barclays failed to notify Nicole of their banking withdrawal prior to accessing Nicole's bank account.

14. Barclays' unauthorized withdrawal caused Nicole emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

15. Barclays' unauthorized withdrawal reduced the available balance of Nicole's bank account.

16. Barclays' unauthorized withdrawal reduced the interest Nicole received from her banking institution.

17. Barclays' unauthorized withdrawal diminished the money that Nicole had available in the case of an emergency.

18. Barclays' unauthorized withdrawal forced Nicole to lose time by having to tend to Barclays' conduct.

19. Barclays' unauthorized withdrawal caused Nicole's checking account to be overdrawn, caused her to incur overdraft fees, and obstructed her ability to pay other accounts that she had actually scheduled payments on.

20. When Nicole spoke with Barclays about this conversion and theft, a Barclays' representative expressed confusion as to why Barclays accessed Nicole's bank account and conceded that there was no indication that Nicole had authorized Barclays' conduct.

21. Despite this, Barclays refused to refund the money it stole from Nicole's account.

22. Shockingly, the Barclays' representative only suggested, that since the withdrawal was unauthorized, Nicole deal directly with her bank to dispute the unauthorized charge.

23. Following Barclays' instructions, Nicole disputed the withdrawal with her bank, and in doing so, incurred a dispute charge.

## COUNT ONE

### Violation of the Electronic Funds Transfer Act

24. Plaintiff re-alleges and incorporates by reference all the proceeding paragraphs.

25. Section 907(a) of the EFTA, 15 U.S.C. § 1693e provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

26. Section 903(9) of the EFTA Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides, provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

27. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.

28. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Sup. I, provides that '[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id.

29. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable. Id.

30. Defendant debited Plaintiff's bank account without obtaining written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's account thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

31. Defendant debited Plaintiff's bank account without providing a copy of a written authorization signed or similarly authenticated for preauthorized electronic fund transfers by Plaintiff for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

## COUNT TWO

### Conversion

32. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 23 above as if fully set forth herein.

33. Defendant's conduct constitutes the unlawful conversion of Plaintiff's property.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to the Electronic Funds Transfer Act.

    b. Judgment against Defendant for Conversion of Plaintiff's property.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: June 23, 2022

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-490-4224
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*